| Law Offices of Travis Gagnier, Inc., P.S. | Judge Brian D. Lynch |
|---|---|
| 33507 Ninth Avenue South, Bldg. F | CHAPTER 13 |
| P.O. Box 3949 | Hearing Date: October 17, 2018 |
| Federal Way, WA 98063-3949 | Hearing Time: 1:30 p.m. |
| (253) 941-0234; gagnierecf@bestbk.com | Response Date: October 10, 2018 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN RE:

DOYAL, III Gecova M. & Dawn M.,

　　　Debtors.

No. 18-42729

DEBTORS' RESPONSE TO OBJECTION TO CONFIRMATION BY THE CHAPTER 13 TRUSTEE and PROOF OF SERVICE

COME NOW, the Debtors, by and through their attorney, Travis A. Gagnier, and respond to the Objection to Confirmation by the Chapter 13 Trustee (hereinafter "Trustee").

The Trustee has objected to the valuation of the Debtors residence. It is unclear as to why the Trustee believes the home is worth $555,016. At the time the case was filed, Zillow.com was worth $459,496; Refin, another online valuation tool, said it was worth $445,697. The debtors also considered selling the home shortly before filing as an alternative to bankruptcy and were told by a real estate agent the property would sell for about $460,000. He gave them a breakdown for net proceeds based on that figure. The Zillow and Redfin values are attached. In their schedules, the debtors value the home at $459,496 based on these resources and what they were told by the real estate agent who evaluated selling the property. The schedules were filed under oath, are consistent with the resources available and the only evidence of the value in this case. Absent some showing or evidence

DEBTORS' RESPONSE TO
OBJECTION TO CONFIRMATION - 1

LAW OFFICES OF TRAVIS GAGNIER, INC. P.S.
33507 Ninth Avenue S, Bldg F.
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234

to the contrary, the trustee's objection to the valuation of the home and the exemption claimed thereon should be overruled.

The Trustee's objection, that was filed their objection on October 1, 2018, claims that the Debtors have not filed their 2016 and 2017 tax returns. The IRS amended their claim on September 27, 2018, reflecting that the taxes have been filed. Counsel has contacted the IRS regarding the claim, as it does appear to have the 2016 tax return listed as both filed and not filed on its amended claim. A corrected claim should be filed shortly to remove the duplicate entry for 2016. The returns are filed and the objection on that basis should be overruled.

Debtors continue to propose a plan which will pay 100% of allowed, filed claims except for student loan claims. The student loans in this case are long-term debt, not presently due in full and certainly not payable over 60 months. Debtors are current on a payment arrangement with the student loan creditors, much akin to long-term debt on a mortgage where the debt is not due in full, or on child support where there is a continuing obligation to pay. There is no reason or benefit for the debtors to make the payments through the plan.

Since they are paying 100% otherwise, including the ongoing student loan payments through the plan will just tax said payments by the amount of the trustee fee. If debtors are paying $648/mo on student loans, that is over $1,944 in additional trustee fees over the life of the plan for no additional benefit to anyone.

The debtors' payment arrangement with the student loans depend on their remaining current and their re-application and submission of income information annually to remain on the programs for the repayments. If they successfully complete 20 years of the program, they will be eligible for discharge of some of the balances and/or interest on the loans. Thus, not only is there no reason to pay them through the plan, but there are good reasons to leave the student loans outside. They should be allowed to direct-pay the ongoing, post-petition student loan payments in order to preserved debtors' ability to communicate with the creditors, to remain in the programs they are participating in that could save them lots of money in the

DEBTORS' RESPONSE TO
OBJECTION TO CONFIRMATION  - 2

long run and to save over $1,900 in trustee fees they would incur were the payment inside the plan. Thus, to the extent that LBR 3015-1(j) applies, an exception is justified in this case.

For these reasons, the debtors ask that the objections be overruled and that the plan be confirmed.

Respectfully submitted this 10th day of September 2018.

        Law Offices of Travis Gagnier, Inc. P.S.

        /s/ Travis A. Gagnier
        Travis A. Gagnier, #26379
        Attorney for Debtors

## PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that I filed the original of the foregoing with the United States Bankruptcy Court in Tacoma and served a true copy thereof to:

    Michael G. Malaier
    Chapter 13 Trustee

via ECF, and to:

    Debtors

via U.S. first-class mail, postage pre-paid, on the 10th day of October 2018.

        /s/ Jennifer Roberts
        Jennifer Roberts
        Sr. Paralegal

DEBTORS' RESPONSE TO
OBJECTION TO CONFIRMATION - 3

LAW OFFICES OF TRAVIS GAGNIER, INC. P.S.
33507 Ninth Avenue S, Bldg F.
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234