Law Offices of Travis Gagnier, Inc., P.S.
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA  98063-3949
(253) 941-0234; gagnierecf@bestbk.com

Judge Brian D. Lynch
CHAPTER 13
Hearing Date: October 17, 2018
Hearing Time:  1:30 p.m.
Response Date: October 10, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN RE:

DOYAL, III Gecova M. & Dawn M.,

      Debtors.

No.  18-42729

DECLARATION OF DEBTORS RE:
CONFIRMATION

We declare under penalty of perjury that the following is true and correct to the best of our knowledge:

1. We are the debtors in this case.

2. We valued our home at filing at $459,496 based on Zillow, houses in our neighborhood sales and what we were told when we considered selling it. A real estate agent evaluated the property, too, and gave us a breakdown of what we would get if we sold the house. He told us we could sell it for about $460,000 and based all his figures on that.

3. We have filed our 2016 and 2017 tax returns. They were filed in mid-September 2018.

4. We are paying our student loans directly. We both have student loans. Combined we are paying $648/mo. currently, but that figure changes often, at least annually, due to our submission of updated information to the various student loan companies.

5. We have to remain in constant communication with the student lenders to remain on these repayment plans. If we remain current, provide requested information and cooperate in the student-loan plan for 20 consecutive years, our balances will be

DECLARATION OF DEBTORS - 1

reduced for interest and/or principal. In other words, if we remain diligent, we could save tons of money on our student loans.

6. We are very concerned that including them as part of our Chapter 13 plan will disrupt our eligibility for the program where we get credited for some interest/principal after participating for 20 years in the Federal program. We also think it will impair our ability to communicate and respond to the various lenders we have to deal with on the student loans. We have things set up perfectly now and it is working. Disrupting it could cost us a lot of money in the long run.

7. We do not see any benefit to us or our creditors for conduit payments of student loans through the plan. Our attorney explained that this will also cost us 5% of the monthly payments amounts in addition to what we are already paying due to trustee fees. We would like to save that money and use it to pay our other creditors.

8. We are paying 100% of our debt through the plan. The plan will likely run less than the full 60 months. We are acting in good faith and request the Court's indulgence to allow us to continue with the student loan directly in programs that have long-term benefits and saving for us and that are working for us and our family.

DATED: October 10, 2018.


/s/ Gecova M. Doyal, III     Dawn M. Doyal
Gecova M. Doyal, III      Dawn M. Doyal

LAW OFFICES OF TRAVIS GAGNIER, INC. P.S.
33507 Ninth Avenue S, Bldg F.
P.O. Box 3949
Federal Way, WA 98063-3949
Phone: (253) 941-0234